IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILLER, KAPLAN, ARASE & CO., LLP, <br><br> Defendant. | No. C-15-1728 MMC <br><br> **ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE REMANDED; VACATING JULY 31, 2015 CASE MANAGEMENT CONFERENCE** |

Before the Court is the Notice of Removal, filed June 30, 2014, in the District of New Jersey, by defendant Miller, Kaplan, Arase & Co., LLP ("MKA"), by which MKA removed from the Superior Court of New Jersey, Morris County, to the United States District Court for the District of New Jersey, a complaint filed by plaintiff PNY Technologies, Inc. ("PNY").[1] Having read and considered the Notice of Removal, the Court, for the reasons stated below, will direct MKA to show cause why the complaint should not be remanded to state court for lack of subject matter jurisdiction.

The complaint consists of five causes of action, each arising under state law. In the Notice of Removal, MKA asserts this Court has diversity jurisdiction over the complaint. A district court has diversity jurisdiction where "the matter in controversy exceeds the sum or

---

[1] The instant action was transferred by the District of New Jersey to this District on March 24, 2015, and was assigned to the undersigned on June 24, 2015.

value of $75,000, exclusive of interest and costs" and the matter is "between . . . citizens of different States." See 28 U.S.C. § 1332(a).

Here, with respect to the first element, MKA, without further elaboration, states "upon information and belief, including based on other litigation commenced by [PNY]," that the amount in controversy exceeds $75,000.  (See Notice of Removal ¶ 2.)  Nevertheless, despite the lack of particulars, the Court finds the requisite amount in controversy has been established, as the complaint alleges that a "defective audit" conducted by MKA "caused PNY to become embroiled in costly litigation with SanDisk [Corporation] that extended over several years in California state court" (see Compl. ¶ 32), which litigation included a jury trial (see Compl. ¶ 33), and it is highly likely that the attorneys' fees and expenses necessarily incurred therein would be in excess of $75,000.  See Singer v. State Farm Mutual Automobile Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (holding first element is established where it is "facially apparent from the complaint that the jurisdictional amount is in controversy") (internal quotation and citation omitted).

With respect to the second element, MKA, in reliance on allegations made in the complaint, asserts that PNY is a corporation existing under the laws of the State of Delaware with its principal place of business in New Jersey (see Notice of Removal ¶ 3), and further asserts, citing a declaration submitted by Michael Quackenbush ("Quackenbush"),[2] that MKA is a "limited liability corporation" and that "[n]one of its partners reside in or is a citizen of the States of Delaware or New Jersey" (see id. ¶ 4).

Quackenbush declares that MKA has "twenty (20) equity partners" (see Quackenbush Decl. ¶ 5), and, with respect to the citizenship of those twenty partners, states as follows:  "To the best of my knowledge, none of the partners of MKA were citizens and/or residents of the states of New Jersey and/or Delaware at the time of the commencement of this lawsuit on or about May 30, 2014, or as of the date of this declaration."  (See id. ¶ 6).  The above-quoted statement by Quackenbush is deficient in at

---

[2]Quackenbush is a partner of MKA.  (See Quackenbush Decl. ¶ 2.)

1 least three separate respects.

2 First, Quackenbush's reference to MKA's partners not being "citizens and/or residents" (see Quackenbush Decl. ¶ 6) is insufficient to establish diversity, as residency does not establish citizenship. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"). Further, use of the phrase "and/or" renders the declaration "deficient and uncertain." See Brown v. Bridges, 2012 WL 5933046, at *3 (N.D. Tex. 2012) (finding removing defendants' statement that they were "citizens and/or residents of Georgia" insufficient to establish defendants were citizens of Georgia); see also Brown v. Keene, 33 U.S. 112, 115, 117 (1834) (holding federal court lacked diversity jurisdiction where plaintiff alleged he was citizen of Maryland and that defendant was "citizen or resident" of Louisiana, as complaint "[did] not aver positively that the defendant [was] a citizen of Louisiana").

Second, a party cannot establish diversity of citizenship by specifically identifying the state in which one party is a citizen and then identifying the other party's citizenship by asserting it is not a citizen of that state. Rather, the party seeking to establish diversity must specifically identify the "particular state" of which each plaintiff and each defendant is a citizen. See Cameron v. Hodges, 127 U.S. 322, 324-25 (1888) (finding removing defendant failed to establish diversity by asserting he was citizen of Arkansas and "none of the [plaintiffs] are or were . . . citizens of the state of Arkansas"; holding federal courts are "very particular in requiring a distinct statement of the citizenship of the parties, and of the particular state in which it is claimed, in order to sustain the jurisdiction of those courts"); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-26 (1st Cir. 2011) (holding assertion that defendant, an individual, was "citizen of Rhode Island" and plaintiff, a limited liability company, had "no members . . . who were citizens of Rhode Island" was "not sufficient" to establish diversity of citizenship; rejecting argument that defendant may "establish diversity in the negative") (internal quotation and citation omitted). Consequently, as Quackenbush fails to identify the particular state of which each

3

1  partner is a citizen, his declaration is insufficient to establish diversity of citizenship.

2  Lastly, a limited liability corporation ("LLC") "is a citizen of every state of which its
3  owners/members are citizens." See Johnson v. Columbia Properties Anchorage, LP, 437
4  F.3d 894, 899 (9th Cir. 2006).  Consequently, where an LLC seeks to establish diversity of
5  citizenship, it must identify the citizenship of each owner or member.  See id. (holding
6  defendant LLC sufficiently established its citizenship by submitting an affidavit identifying
7  the two corporations and one trust that were partners thereof, and, as to each such
8  member, identifying the specific state of which it was a citizen).  Further, "because a
9  member of [an LLC] may itself have multiple members – and thus may itself have multiple
10 citizenships – the federal court needs to know the citizenship of each 'sub-member' as
11 well."  See V & M Star, LP v. Centimark Corp., 596 F.3d 354, 356 (6th Cir. 2010) (internal
12 quotation and citation omitted); see also id. at 357 (finding LLC's showing that district court
13 had diversity jurisdiction was "fatally incomplete" given LLC's failure to "establish the
14 citizenship of [each partner]").  Here, Quackenbush fails to identify each partner, let alone
15 his/her/its state(s) of citizenship.  Moreover, as to any member that is not an individual or
16 corporation, Quackenbush has not identified its sub-members, and, consequently, has
17 failed to show "the exact citizenship" of all of MKA's partners.  See Muscle Shoals
18 Associates, Ltd. v. MHF Ins. Agency, Inc., 792 F. Supp. 1224, 1227 (N.D. Ala. 1992).

19 Accordingly, MKA is hereby ORDERED TO SHOW CAUSE, in writing and no later
20 than August 7, 2015, why the complaint should not be remanded to state court for lack of
21 subject matter jurisdiction.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it
22 appears that the district court lacks subject matter jurisdiction, the case shall be
23 remanded.").  Any response thereto by PNY shall be filed no later than August 21, 2015.
24 As of August 21, 2015, the Court will take under submission the issue of whether it has
25 diversity jurisdiction.
26 //
27 //
28 //

In light of the above, the July 31, 2015 case management conference is hereby VACATED, and will be rescheduled in the event MKA establishes the Court has subject matter jurisdiction over the instant action.

**IT IS SO ORDERED.**

Dated: July 16, 2015

MAXINE M. CHESNEY
United States District Judge