1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    PNY TECHNOLOGIES, INC.,                    Case No.  15-cv-01728-MMC   (EDL)

8                    Plaintiff,
                                                **ORDER REGARDING DKT. NOS. 96,**
9            v.                                 **100**

10   MILLER, KAPLAN, ARASE & CO, LLP,

11                   Defendant.

12

13          On May 23, PNY submitted a letter requesting that the Court compel responses to

14   Requests for Production Nos. 87 and 88 which demand financial information from Miller Kaplan

15   sufficient to establish its net worth and financial condition, including balance sheets, statements of

16   income, statements of cash flow, and state and federal tax returns from 2013 to present.  Dkt. No.

17   96.  Miller Kaplan did not join in the discovery letter, but filed a response on May 25 in which it

18   argues that state law allows discovery of a defendant's wealth only after the plaintiff has shown a

19   substantial probability of recovering damages.  Dkt. No. 100 (citing W. Schwarzer et al., Cal.

20   Practice Guide: Fed Civil Procedure Before Trial § 1:1062 (Rutter Group 2014); Cal. Civ. Code§

21   3295(c)).   The Court declines to apply this state law, and hereby Orders Miller Kaplan to respond

22   to Requests for Production Nos. 87 and 88.  PNY has stated claims for intentional torts including

23   fraud, intentional misrepresentation and tortious interference and it is demanding punitive

24   damages, and financial information is relevant to a jury's determination of the amount of punitive

25   damages, if any, to award.

26          More persuasively, Miller Kaplan argues that it has a right to privacy in its financial

27   information.  However, that right is not absolute.  To protect its interests and in the interest of

28   time, Miller Kaplan may initially produce its financial information under an "Attorneys Eyes

1    Only" designation within one week from the date of this Order.  Upon production, the parties shall

2    meet and confer to determine whether this designation is warranted or whether a "Confidential"

3    designation for some or all of the documents is appropriate.

4

5    **IT IS SO ORDERED.**

6    Dated:  May 25, 2016

7

8

9    ELIZABETH D. LAPORTE
    United States Magistrate Judge

United States District Court
Northern District of California