IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILLER, KAPLAN, ARASE & CO, LLP, <br><br> Defendant. | Case No. 15-cv-01728-MMC <br><br> **ORDER AFFORDING PLAINTIFF LEAVE TO FILE SURREPLY; CONTINUING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; CONTINUING STATUS CONFERENCE** |

      Before the Court is defendant's "Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment," filed February 26, 2016.  Plaintiff has filed opposition, to which defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court finds it appropriate, for the reasons set forth below, to afford plaintiff leave to file a surreply, limited to two issues.

      First, the sole ground raised by defendant in its moving papers is that each of the five counts in plaintiff's complaint is barred by the statute of limitations.  In its reply, however, defendant raises an additional argument, specifically, that it is entitled to summary judgment on Count One, by which plaintiff alleges defendant breached a non-disclosure agreement ("NDA"), for the asserted reason that plaintiff has "waived and released any claim for damages for breach of the NDA."  (See Def.'s Reply at 6:28-7:1; see also Def.'s Reply at 12:19-21.)  The Court finds it appropriate to afford plaintiff leave to file a surreply to address defendant's waiver/release argument, as such argument was raised for the first time in defendant's reply.

      Second, in support of its opposition, plaintiff filed, inter alia, a declaration by Mark Ciano and a declaration by Heidi Stuto.  In its reply, defendant asserts that certain

statements set forth in the above-referenced declarations are contradicted by deposition testimony provided by each of the declarants.  Although a party may not "create his own issue of fact by an affidavit contradicting his prior deposition testimony, the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition."  See Messick v. Horizon Industries Inc., 62 F.3d 1227, 1231 (9th Cir. 1995) (internal quotation and citation omitted).  Here, as defendant, in its moving papers, did not rely on the subject deposition testimony,[1] the Court finds it appropriate to afford plaintiff leave to address the issue of whether any conflict exists and, if so, to explain such conflict.

Accordingly, plaintiff is hereby afforded leave to file, no later than July 1, 2016, a surreply, limited to seven pages in length, to address the two issues addressed above.

In light thereof, the hearing on defendant's motion is hereby CONTINUED from June 24, 2016, to July 22, 2016, at 9:00 a.m.

Additionally, the Status Conference is hereby CONTINUED from July 15, 2016, to August 12, 2016, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than August 5, 2016.

**IT IS SO ORDERED.**

Dated:  June 20, 2016

MAXINE M. CHESNEY
United States District Judge

---

[1] Defendant could not have offered the subject deposition testimony with its moving papers, as the two declarants were deposed after defendant filed its moving papers.

2