IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br>     Plaintiff, <br> v. <br> MILLER, KAPLAN, ARASE & CO, LLP, <br>     Defendant. | Case No. 15-cv-01728-MMC <br><br> **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE EXHIBITS UNDER SEAL; DIRECTIONS TO PLAINTIFF** |

       Before the Court is plaintiff's "Administrative Motion to File Under Seal," filed June 3, 2016. No response thereto has been filed. Having read and considered the motion, the Court rules as follows:

       1. To the extent the motion seeks leave to file under seal Exhibits 7, 15, 16, 19, and 23 to the Declaration of Drew Robinson, the motion is hereby GRANTED, plaintiff having shown said exhibits consist of material properly filed under seal.

       2. To the extent the motion seeks leave to file under seal Exhibit 1 to the Declaration of Heidi Stuto, the motion is hereby DENIED, plaintiff having failed to show the exhibit is confidential. Indeed, plaintiff paraphrased the content thereof in its complaint (see Compl. ¶ 36) and quoted key provisions thereof in another document (see Pl.'s Opp. to Def.'s Mot. for Summ. J., filed June 3, 2016, at 7-8), both of which were filed in the public record. Plaintiff is hereby DIRECTED to file said exhibit in the public record "within seven days after the motion is denied." See Civil L.R. 79-5(f)(3).

       3. To the extent the motion seeks leave to file under seal Exhibits 1, 2, 5, 8, 9, 10, 11, 13, 17, 18, 21 and 22 to the Declaration of Drew Robinson, and Exhibit 2 to the Declaration of Heidi Stuto, the motion is hereby DENIED, as defendant, the designating party, has not filed a responsive declaration. See Civil L.R. 79-5(e)(1) (providing that

1  "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the
2  Designating Party must file a declaration . . . establishing that all of the designated
3  information is sealable").  Plaintiff is hereby DIRECTED to file said twelve exhibits in the
4  public record, "no earlier than 4 days, and no later than 10 days, after the motion is
5  denied."  See Civil L.R. 79-5(e)(2).

6      4.  To the extent the motion seeks leave to file under seal Exhibits 14, 20, 24, 25,
7  26, 27 and 28 to the Declaration of Drew Robinson, the Court hereby DEFERS ruling
8  thereon.  Although SanDisk Corporation ("SanDisk"), a nonparty who is the designating
9  entity, has not filed a responsive declaration, there is nothing in the record indicating
10 plaintiff served the instant Administrative Motion on SanDisk.  Accordingly, plaintiff is
11 hereby DIRECTED to serve the instant Administration Motion, as well as this order, on
12 San Disk and to file proof of such service no later than June 29, 2016.  The Court will
13 take the deferred portion of plaintiff's Administrative Motion under submission upon the
14 filing of a responsive declaration by SanDisk or July 6, 2016, whichever is earlier.[1]

15 **IT IS SO ORDERED.**

17 Dated:  June 24, 2016

    MAXINE M. CHESNEY
    United States District Judge

---

[1] The Court notes that portions of the email exchange constituting Exhibit 28 to the Declaration of Drew Robinson have been redacted by plaintiff.  Should SanDisk endeavor to show said document is confidential, it need only address the portions constituting Exhibit 28, i.e., the material plaintiff seeks to file.