IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br>       Plaintiff, <br>     v. <br> MILLER, KAPLAN, ARASE & CO, LLP, <br>       Defendant. | Case No. 15-cv-01728-MMC <br><br> **ORDER GRANTING IN PART, DENYING IN PART AND DEFERRING RULING IN PART ON DEFENDANT'S MOTION TO SEAL; DIRECTIONS TO DEFENDANT; AFFORDING PLAINTIFF LEAVE TO FILE SUPPLEMENTAL DECLARATION** |

Before the Court is defendant's "Administrative Motion to File Under Seal Exhibits to Declaration of Stephen J. Tully in Support of Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment," filed July 22, 2016, by which defendant seeks leave to file under seal certain documents designated as confidential by plaintiff PNY Technologies, Inc. and/or by non-party SanDisk Corporation ("SanDisk"). Plaintiff has filed a responsive declaration; SanDisk has not filed a response. Having read and considered the papers filed in support of and in response to the motion, the Court rules as follows:

1. To the extent defendant seeks leave to file under seal the entirety of Exhibit A to the Declaration of Stephen J. Tully, the motion is hereby DENIED, as neither plaintiff nor SanDisk, each of whom is a designating party, has asserted that the entirety of such exhibit comprises confidential material.

2. To the extent defendant seeks leave to file under seal the entirety of Exhibits B and R to the Declaration of Stephen J. Tully, the motion is hereby DENIED, as plaintiff, the designating party, does not assert that the entirety of either such exhibit comprises

confidential material.

    3. As to the following portions of Exhibits A, B, and R to the Declaration of Stephen J. Tully, the motion is hereby GRANTED, as plaintiff has made a sufficient showing as to the sealability of those pages and lines:

    a. Exhibit A

        1. Page 230, lines 17-20.

        2. Page 231, line 1.

        3. Page 232, lines 20-22.

        4. Page 233, lines 3-4.

    b. Exhibit B

        1. Page 103, lines 10-22.

        2. Page 132, line 22.

        3. Page 133, lines 14 and 17.

        4. Page 139, lines 4 and 20-21.

    c. Exhibit R

        1. Page 109, lines 21 and 25.

        2. Page 110, lines 2-3.

        3. Page 150, lines 21-22.

        4. Page 288, line 7.

Defendant is hereby DIRECTED to file in the public record, no later than August 18, 2016, versions of Exhibits A, B and R in which the confidential portions identified above are redacted.

    4. To the extent defendant seeks leave to file under seal the entirety or any portion of Exhibits P and 11 to the Declaration of Stephen J. Tully, the motion is hereby DENIED, as neither plaintiff nor SanDisk, each of whom is a designating party, has asserted that any portion of either such exhibit comprises confidential material.

Defendant is hereby DIRECTED to file Exhibits P and 11 in the public record, no later than August 18, 2016.

5. To the extent defendant seeks leave to file under seal the entirety or any portion of Exhibits C, I, Q, 13, 56, 63, 69, 72, 77 and 84 to the Declaration of Stephen J. Tully, the motion is hereby DENIED, as plaintiff, the designating party, has not asserted that any portion of such exhibits comprises confidential material.

Defendant is hereby DIRECTED to file Exhibits C, I, Q, 13, 56, 63, 69, 72, 77 and 84 in the public record, no later than August 18, 2016.

6. To the extent defendant seeks leave to file under seal the unredacted version of its Memorandum of Points and Authorities, the motion is hereby GRANTED, as plaintiff has shown said document contains its confidential material.[1]

7. To the extent defendant seeks leave to file under seal Exhibits 9, 18, 96 and 120 to the Declaration of Stephen J. Tully, the Court hereby DEFERS ruling thereon. Said documents are audits, or portions thereof, prepared by defendant, and plaintiff asserts the entirety of each such document should be filed under seal.

As plaintiff previously filed in the public record some portions of those documents (compare, e.g., Compl. Ex. A Tr. Ex. 2286, with Tully Decl. Ex. 9 MK 028817), and its complaint explicitly identifies certain findings made by defendant during the audit process (see Compl. ¶¶ 18, 23, 25, 31, 32), the Court declines to find on the present record that the entirety of Exhibits 9, 18, 96 and 120 are properly filed under seal. Moreover, portions of the exhibits do not appear to consist of material that could be considered confidential. (See, e.g., Tully Decl. Ex. 18, page 3, first paragraph (discussion of information defendant located on plaintiff's "website").) As it appears that said documents may contain some confidential material, the Court, rather than direct defendant to file such exhibits in the public record, will afford plaintiff leave to file a supplemental declaration to identify with specificity the portions of Exhibits 9, 18, 96 and 120 that are (a) confidential and (b) have not previously been filed in the public record.

---

[1] Defendant previously filed in the public record a redacted version of the Memorandum of Points and Authorities and filed under seal the unredacted version. Consequently, it need take no further action as to said document.

1  Said supplemental declaration shall be filed no later than August 18, 2016.

2  **IT IS SO ORDERED.**

4  Dated: August 10, 2016

*/s/ Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge

4