IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>MILLER, KAPLAN, ARASE & CO, LLP, <br><br>　　　　Defendant. | Case No. 15-cv-01728-MMC <br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON PLAINTIFF'S MOTION TO SEAL; DIRECTIONS TO PLAINTIFF** |

　　　　Before the Court is plaintiff's "Administrative Motion to File Under Seal," filed August 5, 2016, by which plaintiff seeks leave to file under seal certain documents designated as confidential by itself, by defendant Miller, Kaplan, Arase & Co., LLP ("Miller Kaplan"), or by non-party SanDisk Corporation ("SanDisk").  Neither Miller Kaplan nor SanDisk has filed a response thereto.  Having read and considered the papers filed in support of the motion, the Court rules as follows:

　　　　1.  To the extent plaintiff seeks leave to file under seal the entirety or any portion of Exhibits 34 and 39 to the Supplemental Declaration of Drew A. Robinson, the motion is hereby DENIED, as neither Miller Kaplan nor SanDisk, each of whom is a designating party, has asserted that any portion of either such exhibit comprises confidential material.

　　　　2.  To the extent plaintiff seeks leave to file under seal the entirety or any portion of Exhibits 35, 36 and 37 to the Supplemental Declaration of Drew A. Robinson, the motion is hereby DENIED, as Miller Kaplan, the designating party, has not asserted that any portion of such exhibits comprises confidential material.

　　　　3.  To the extent plaintiff seeks leave to file under seal the entirety or any portion of Exhibit 38 to the Supplemental Declaration of Drew A. Robinson, the motion is hereby

1  DENIED, as SanDisk, the designating party, has not asserted that any portion of such
2  exhibit comprises confidential material.
3       4. To the extent plaintiff seeks leave to file under seal the unredacted version of
4  its "Opposition to Defendant's [Second] Motion for Summary Judgment or, in the
5  Alternative, Partial Summary Judgment" ("Opposition") the motion is hereby DENIED, as
6  the portions plaintiff seeks to redact do not discuss or reference material either Miller
7  Kaplan or SanDisk, the designating parties, have asserted to be confidential.
8       5. Plaintiff is hereby DIRECTED to file in the public record Exhibits 34, 35, 36, 37,
9  38 and 39 to the Supplemental Declaration of Drew A. Robinson, as well as the
10 unredacted version of its Opposition, no earlier than 4 days, and no later than 10 days
11 from today's date. See Civil L.R. 79-5(e)(2).
12      6. To the extent plaintiff seeks leave to file under seal Exhibits 46, 49, 50 and 51
13 to the Supplemental Declaration of Drew A. Robinson, the motion is hereby GRANTED,
14 plaintiff having shown said exhibits comprise confidential material.
15      7. To the extent plaintiff seeks leave to file under seal pages 2, 6-7, 38, 86 and
16 139 of Exhibit 53 to the Supplemental Declaration of Drew A. Robinson, the motion is
17 hereby GRANTED, plaintiff having shown said pages comprise confidential material.
18      8. To the extent plaintiff seeks leave to file under seal Exhibit 40 to the
19 Supplemental Declaration of Drew A. Robinson, the Court DEFERS ruling thereon.
20 Assuming, arguendo, some portions of said exhibit, an expert report, contain confidential
21 material, it is readily apparent that large portions thereof do not. (See, e.g., Robinson
22 Supp. Decl. Ex. 40 at ¶¶ 37-57 (discussion of "professional standards" assertedly
23 applicable to Miller Kaplan); id. ¶¶ 78, 101 (discussion of findings assertedly made by jury
24 in another proceeding).)[1]  Rather than direct plaintiff to file Exhibit 40 in the public record
25 at this time, however, the Court will afford plaintiff leave to file, no later than August 19,
26 2016, a supplemental declaration to identify with specificity any portions of said exhibit

---

[1] The cited paragraphs are illustrative.

2

1  that contain confidential material.  See Civil L. R. 79-5(b) (providing "request [to file
2  document under seal] must be narrowly tailored to seek sealing only of sealable
3  material").
4        9. To the extent plaintiff seeks leave to file under seal Exhibits 41 and 45 to the
5  Supplemental Declaration of Drew A. Robinson, as well as pages 235, 240, and 349-365
6  of Exhibit 53 to the Supplemental Declaration of Drew A. Robinson, which exhibits and
7  pages are audits, or portions thereof, prepared by Miller Kaplan, the Court DEFERS
8  ruling thereon.  Given that plaintiff previously filed in the public record certain portions of
9  those documents (compare, e.g., Compl. Ex. A Tr. Ex. 2286, with Robinson Supp. Decl.
10 Ex. 41 MK 028827), and its complaint explicitly identifies certain findings made by Miller
11 Kaplan during the audit process (see Compl. ¶¶ 18, 23, 25, 31, 32), the Court declines to
12 find on the present record that the entirety of Exhibits 41 and 45, as well as the entirety of
13 the above-identified pages in Exhibit 53, are properly filed under seal.  Moreover, other
14 portions of the exhibits likewise do not appear to consist of material that could be
15 considered confidential.  (See, e.g., Robinson Supp. Decl. Ex. 41, page 3, third
16 paragraph (discussion of information Miller Kaplan located on plaintiff's "website").)
17 Nevertheless, as it appears that said exhibits and pages may contain some confidential
18 material, the Court, rather than directing plaintiff to file the documents in the public record
19 at this time, will afford plaintiff leave to file a supplemental declaration to identify with
20 specificity the portions of Exhibits 41 and 45, as well as the portions of the above-
21 identified pages in Exhibit 53, that are (a) confidential and (b) have not previously been
22 filed in the public record.  Said supplemental declaration shall be filed no later than
23 August 19, 2016.
24       **IT IS SO ORDERED.**

Dated: August 12, 2016

MAXINE M. CHESNEY
United States District Judge