IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MILLER, KAPLAN, ARASE & CO, LLP,<br><br>    Defendant. | Case No. 15-cv-01728-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REVIEW CLERK'S TAXATION OF COSTS OR, ALTERNATIVELY, DEFER RULING ON OR STAY COLLECTION OF COSTS** |

    Before the Court is plaintiff PNY Technologies, Inc.'s motion, filed June 23, 2017, to "Review the Clerk's Taxation of Costs or, in the Alternative, Defer Ruling on, or to Stay the Collection of, Costs Pending PNY's Appeal on the Merits." Defendant Miller, Kaplan, Arase & Co., LLP has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for September 15, 2017, and hereby rules as follows:

    1. The Clerk of Court taxed costs in the amount of $82,228.84. At the outset, the Court finds plaintiff has not shown sufficient grounds exist to defer ruling on plaintiff's challenges thereto. The Ninth Circuit, in the context of a related issue, motions for attorney's fees, has expressed a preference for avoiding "piecemeal appeals" and for having "all issues arising out of a single lawsuit . . . considered in one appellate proceeding." See Metcalf v. Borba, 681 F.2d 1183, 1188 (9th Cir. 1982). The Court finds such considerations apply equally to the resolution of disputes concerning taxable costs. Although, in any given case, there may exist reasons to delay resolving a dispute over a

1  cost bill despite the possibility of piecemeal appeals, no such reason has been identified
2  by plaintiff here. See, e.g., Emblaze Ltd. v. Apple Inc., 2015 WL 1304779, at *2-3 (N.D.
3  Cal. March 20, 2015) (declining to defer ruling on taxation of costs pending resolution of
4  appeal, where party seeking deferral failed to show it was "likely to succeed on the merits
5  on appeal," that it would be "irreparably injured absent a stay," that the prevailing party
6  would not incur "injury," or that "the public interest weigh[ed] in favor of staying the
7  consideration of costs").

2. As to the merits of the motion, to the extent plaintiff argues the entire cost bill should be disallowed, the Court finds plaintiff has failed to rebut the presumption that defendant, as the prevailing party, is entitled to recover its costs. See Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000) (holding "presumption" exists "in favor of awarding costs to a prevailing party). Contrary to plaintiff's argument, the instant action did not involve a matter of "substantial public importance" (see Pl.'s Mot. at 4:8), but, rather, a private business dispute. See Association of Mexican-American Educators, 231 F.3d at 593 (affirming denial of costs where action "present[ed] issues of the gravest public importance, . . . affect[ing] tens of thousands of Californians and the state's public school system as a whole"). Nor is there any showing that an award of costs is likely to have, as plaintiff claims, a chilling effect on litigants who may seek to bring fraud or related claims against "accounting firms or other professionals." (See Pl.'s Mot. at 4:10-11, 14-16.) Lastly, although plaintiff asserts that the issues presented were "both close and difficult" and raised in "good faith" (see id. at 5:6-7), plaintiff has failed to show it raised any issue beyond what would be encountered in an "ordinary" case, see Association of Mexican-American Educators, 231 F.3d at 593 (holding order denying prevailing party costs must identify why "case is not 'ordinary'").

3. To the extent plaintiff objects to an award of a sum corresponding to the amounts paid by defendant for a transcript of the pretrial conference and daily transcripts of the trial, which payments total $13,271.75, the Court is not persuaded. First, costs incurred for "transcripts necessarily obtained for use in the case" are recoverable, see 28

U.S.C. § 1920, and a transcript of the pretrial conference was necessary in light of the Court's having made at that time numerous oral rulings on evidentiary issues and other matters pertaining to the manner in which the trial would be conducted. Moreover, as other courts have acknowledged, costs to obtain transcripts of court proceedings may be awarded when expended in "anticipation" of an appeal, see TransPerfect Global, Inc. v. MotionPoint Corp., 2014 WL 1364792, at *3 (N.D. Cal. April 4, 2014), e.g., where, as here, the case is "contentiously litigated," see Affymetrix, Inc. v. Multilyte Ltd., 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005); see also Civil L.R. 54-3(b)(1) (providing "costs of transcripts necessarily obtained for an appeal is allowable").

    4. To the extent plaintiff objects to an award of a sum corresponding to certain of the expenses incurred by defendant in connection with depositions, which expenses total $16,471.55, the Court, with one exception as set forth below, agrees such costs are not recoverable.

        a. Defendant incurred costs in the amount of $609.38 to expedite the preparation of the transcripts of the depositions of Jacob Afber and James P. Schratz. Courts have awarded such fees where the prevailing party shows a need for expedited transcripts. See, e.g., Intermedics, Inc. v. Ventritex, Inc., 1993 WL 515879, at *3 (N.D. Cal. December 2, 1993) (holding prevailing defendant entitled to recover fees to expedite preparation of deposition transcript, where "deposition triggered motions by both sides before its conclusion" and defendant "required expedited transcripts to prepare its motions and oppositions"). Here, defendant has shown such need, given plaintiff's failure to make the two witnesses available for deposition until shortly before trial.

        b. The remaining challenged deposition-related costs, which total $15,862.17, comprise (1) "Realtime" fees, (2) reporters' fees for preparation of rough copies of deposition transcripts, and (3) "Litigation Package" charges. Defendant, in its opposition, has neither addressed plaintiff's objections to these three categories nor otherwise shown the costs of such services should be awarded, and district courts have found such expenses ordinarily are not recoverable. See Linex Technologies, Inc. v.

3

Hewlett-Packard Co., 2014 WL 5494906, at *4 (N.D. Cal. October 30, 2014) (declining to award fees charged for "Realtime" and "rough drafts" of deposition transcripts); Estate of Le Blanc v. City of Lindsay, 2007 WL 2900515, at 2 (E.D. Cal. September 28, 2007) (finding "Litigation Package" fee charged by court reporter not recoverable where prevailing party failed to show such fee was "necessary" to obtain deposition transcript).

5. Plaintiff states that, in the event costs are awarded, it intends to post a supersedeas bond in order to stay collection, see Fed. R. Civ. P. 62(d), and "requests leave to file a supplementary submission on the amount of the supersedeas bond." (See Pl.'s Mot. at 7:27-28.) The Court finds it appropriate to afford such leave.

## CONCLUSION

For the reasons stated above, plaintiff's motion is hereby GRANTED in part and DENIED in part, and the Court hereby awards defendant costs in the amount of $66,366.67.

No later than September 11, 2017, plaintiff shall file its supplemental submission as to the amount of the supersedeas bond. No later than seven calendar days after plaintiff files its supplemental submission, defendant shall file any response thereto.

**IT IS SO ORDERED.**

Dated: August 29, 2017

MAXINE M. CHESNEY
United States District Judge

4